IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN STANPHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-985-BA |
| | ) | |
| HEALTH CARE SERVICE CORP., | ) | |
| d/b/a BLUECROSS BLUESHIELD | ) | |
| OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON THE DEFENDANT'S MOTION FOR LEAVE TO FILE
A SUPPLEMENT TO THE MOTION FOR SUMMARY JUDGMENT**

The Defendant filed a motion to supplement its motion for summary judgment. Doc. 142. The Plaintiff objects, citing trial delay. The Court construes the document as a motion for leave to file a second summary judgment motion and an extension of the deadline for dispositive motions. *See* LCvR 7.1(h), 56.1(a). Construed in this manner, the requests are granted.

Dispositive motions were due October 26, 2007,[1] and the Defendant filed a summary judgment motion on the last day. At that time, the present grounds did not exist.[2] The later emergence of the present issue justifies leave to submit a second summary judgment motion and filing after the deadline for dispositive motions.

---

[1] Third Order Extending Deadline at p. 1 (Sept. 11, 2007).

[2] The Defendant alleges that the job offer was made on January 31, 2008, over three months after expiration of the deadline for dispositive motions.

The standard for the requested extension of time is "excusable neglect."[3] "[A] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974) (footnote omitted).

The requested motion would address a job offer that post-dated the deadline for summary judgment motions, and the impact on future proceedings is mitigated by the absence of a trial date at this time. These circumstances combine to justify the extension request.

Ms. Stanphill contends that the Defendant manipulated the timing and that it should have made the offer prior to the deadline for dispositive motions. As noted above, that deadline was October 26, 2007. Only 31 days before this deadline ended, the Plaintiff testified that she would leave her existing employer to rejoin the Defendant. Carolyn Stanphill Deposition at p. 210. Perhaps the Defendant should have made the offer and sought summary judgment on the issue within the 31-day period that it had. But the Defendant had a reasonable basis to take more than 31 days to extend the job offer to Ms. Stanphill. In these circumstances, the Defendant has satisfied its burden under Rule 6(b)(2) to justify the filing of a summary judgment motion after the deadline for dispositive motions.

---

[3]   *See* Fed. R. Civ. P. 6(b)(2); *see also Essence, Inc. v. City of Federal Heights*, 285 F.3d 1272, 1288 n.14 (10th Cir. 2002) ("[Fed. R. Civ. P.] 6(b) applies to motions for summary judgment." (citations omitted)).

The Defendant has also justified the filing of a second motion for summary judgment. *See* LCvR 56.1(a). As noted above, the present grounds did not exist when the Defendant moved for summary judgment. In these circumstances, the filing of a second summary judgment motion was not reasonably avoidable.

The Court will permit the Defendant to file a second motion for summary judgment by June 16, 2008. The Plaintiff's response brief will be due July 3, 2008. The opening and response briefs will be limited to fifteen pages. The Defendant may file a reply, not to exceed five pages, by July 15, 2008.[4]

So ordered this 30th day of May, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[4] The page-limits are for the briefs and exclude the evidentiary submissions.