IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN STANPHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-985-BA |
| ) | |
| HEALTH CARE SERVICE CORP., ) | |
| d/b/a BLUECROSS BLUESHIELD ) | |
| OF OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

After the close of discovery, the Defendant offered employment to the Plaintiff, and she apparently declined the offer. In light of the exchange, the Defendant seeks leave to amend its witness and exhibit lists to: (1) include testimony by Julie Sloan on the new job offer, and (2) add correspondence about the new job offer and Ms. Stanphill's response. The Plaintiff objects to parts of the Defendant's request and seeks leave to conduct limited discovery if the application is granted. In turn, the Defendant objects to the Plaintiff's request for further discovery and, in the alternative, asks for an opportunity to conduct further discovery of its own. The Court grants the Defendant's application and authorizes limited discovery by both parties.

<u>Amendment of Witness and Exhibit Lists</u>

Four factors are involved in resolution of the request for amendment of the witness and exhibit lists:

- prejudice or surprise to the Plaintiff,

- ability of the Plaintiff to cure any prejudice,

- disruption to the orderly and efficient trial of the case by inclusion of the new evidence, and

- bad faith by the Defendant.

*See Palace Exploration Co. v. Petroleum Development Co.*, 316 F.3d 1110, 1117 (10th Cir. 2003). These factors weigh in favor of leave for amendment of the witness and exhibit lists and limited reopening of discovery on the new issue involving the Defendant's recent job offer.

No trial date has been set. Thus, amendment of the witness and exhibit lists on the job offer would not disrupt the trial. *See Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1211 (10th Cir. 2002) ("if the motion to amend is made *prior* to trial, no disruption of an ongoing trial is threatened" (citation omitted; emphasis in original)). Any prejudice to the Plaintiff could be cured by limited discovery. *See id.* ("If . . . the motion to amend is made *prior* to trial, it is more easily found that the opposing party could cure any prejudice." (citations omitted; emphasis in original)). And the requested addition of testimony and exhibits does not suggest bad faith by the Defendant. Accordingly, the Court will permit the Defendant to amend its witness and exhibit lists, as proposed in its application.

The parties shall submit an amended pretrial report by July 14, 2008. In the absence of further leave of Court, the only amendments permitted in the amended pretrial report are

the additional testimony by Julie Sloan and the additional exhibits proposed on the recent offer of employment.

### Further Deposition Inquiry of Julie Sloan

The Plaintiff seeks leave to redepose Julie Sloan on the issues surrounding the recent job offer. When the Plaintiff deposed Ms. Sloan the previous times, the Defendant had not yet offered the job to Ms. Stanphill. Thus, this issue could not have been explored in the previous depositions. If the Defendant can add testimony and exhibits on the job offer, the Plaintiff should be able to redepose Ms. Sloan on the surrounding circumstances.

The Defendant argues that the Plaintiff has already deposed Ms. Sloan two times and "detailed information about the offer are included in the offer letter and the three additional letters sent by Ms. Sloan to Plaintiff's inquiries." Defendant's Reply in Further Support of Its Motion for Leave to Supplement its Exhibit and Exist Lists at p. 3 (May 22, 2008). These arguments are invalid.

The Defendant offered the job after the Plaintiff had taken the depositions of Ms. Sloan. Thus, the Plaintiff has not had an opportunity to question Ms. Sloan about the circumstances surrounding the job offer. And if the exhibits are self-explanatory, one wonders why the Defendant would need Ms. Sloan to testify beyond authentication of the correspondence. If the Defendant plans to question Ms. Sloan about the job offer, the Plaintiff should be able to find out before the trial what she plans to say in her testimony.

Accordingly, the Plaintiff shall be entitled to redepose Ms. Sloan about the recent job offer and Ms. Stanphill's response. This deposition shall be completed by June 30, 2008.

### Further Document Requests by the Plaintiff

The Plaintiff also seeks an opportunity to add document requests regarding the date of the creation of the new position, the job duties, the manner of assigning customer accounts, and the compensation actually received by persons holding the offered job title. In connection with the desired document production, the Plaintiff seeks a two-week deadline for the Defendant to respond.

The Defendant argues that the requested documents would go beyond the Plaintiff's request. That is true. But the issue is whether the requested documents would be relevant to a defense involving the job offer. *See* Fed. R. Civ. P. 26(b)(1). The Court answers in the affirmative, as the circumstances surrounding the job offer would become relevant if the Defendant seeks to end liability for back-pay.[1]

Health Care Service Corp. also argues that discovery "is clearly not appropriate" regarding letters written by the Plaintiff. Defendant's Reply in Further Support of its Motion for Leave to Supplement its Exhibit and Witness Lists at p. 3 (May 22, 2008). The Court disagrees, as the letters written by the Plaintiff are "relevant" to Health Care Service Corp.'s

---

[1] *See Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481, 1493 (10th Cir. 1989) ("a rejected offer of reinstatement does not end ongoing back-pay liability if the claimant's rejection of the offer was reasonable given the form of the offer and the circumstances surrounding it" (citations omitted)).

defense involving the recent job offer. Thus, the Plaintiff's letters are discoverable in the absence of a privilege. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, the Plaintiff shall submit any new document requests by June 9, 2008. These document requests shall be limited to the date of the creation of the new position, the job duties, the manner of assigning customer accounts, and the compensation actually received by persons holding the offered job title. The Defendant shall respond by June 30, 2008.

<u>Further Deposition Inquiry of the Plaintiff</u>

Finally, the Defendant requests leave to redepose the Plaintiff if the Court allows further questioning for Ms. Sloan. The Defendant's request is reasonable and the Court will allow reopening of the deposition of Ms. Stanphill with regard to her rejection of the new job offer. This deposition shall be completed by June 30, 2008.

So ordered this 30th day of May, 2008.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge