IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN STANPHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-985-BA |
| | ) | |
| HEALTH CARE SERVICE CORP., | ) | |
| d/b/a BLUECROSS BLUESHIELD | ) | |
| OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

The present order addresses the Defendant's motion for leave to file a supplemental motion *in limine* and availability and timeliness objections to the Plaintiff's videotape deposition designations.[1]  The Court overrules the Defendant's motion for leave and objections to the deposition designations.

---

[1]  The Defendant has raised numerous other objections to the deposition designations.  The Court will separately address the remaining objections.

Filing of a Supplemental Motion *in Limine*

The deadline for motions *in limine* was December 21, 2007.[2] On July 8, 2008, the Defendant filed a motion for leave to file a supplemental motion *in limine* on "issues regarding its offer of reinstatement and Plaintiff's rejection of such offer."[3] Because the request post-dated the deadline, the issue is governed by Fed. R. Civ. P. 6(b)(1)(B). Under this rule, the Defendant must show: (1) "good cause," and (2) failure to file the desired motion *in limine* within the deadline "because of excusable neglect."[4] The Court concludes that good cause does not exist in the present circumstances.

The parties disagree regarding the utility of the motion *in limine*, the Defendant's justification in filing the motion in July 2008, and the impact on further deadlines. These issues are inter-related, but the utility of the desired motion and the impact on further deadlines are crucial here.

When the Defendant requested leave to file the supplemental motion, four business days remained before the deadline for filing of the final pretrial report. Because both parties

---

[2]   The original deadline for motions *in limine* was August 6, 2007. Scheduling Order at p. 2 (Feb. 8, 2007). Pursuant to the parties' joint request, the Court extended this deadline to September 5, 2007. Order Extending All Remaining Deadlines by Thirty (30) Days (June 5, 2007). At the Plaintiff's request, the Court extended the due-date to October 5, 2007. Order Enlarging Pretrial Deadlines (July 6, 2007). At the Defendant's request, the Court extended the due-date to November 19, 2007. Third Order Extending Deadlines at p. 2 (Sept. 11, 2007). Based on another joint request, the Court extended the deadline to December 19, 2007. Order Granting Joint Motion for Fourth Extension of Remaining Deadlines at p. 1 (Nov. 5, 2007). Pursuant to the Defendant's request, the Court extended the due-date another two days. Order (Dec. 20, 2007).

[3]   Defendant's Motion for Leave to Supplement its Motion in Limine at p. 2 (July 8, 2008).

[4]   *See* Fed. R. Civ. P. 6(b)(1)(B).

rapidly briefed the request, the Defendant was able to complete the briefing by July 15, 2008. By that point, the parties had already filed the second version of the final pretrial report.[5]

The Defendant's request has been fully briefed for 36 days. But, even if the Court had immediately granted the Defendant's request, delay of all of the proceedings would have been inevitable. The Court may assume *arguendo* that it would have made all of the rulings immediately upon the completion of briefing, that none of the parties would have requested any extensions of time to brief the new motion *in limine*, and that the Defendant would have filed the supplemental motion *in limine* immediately upon entry of an order granting leave. With all of these assumptions, the earliest possible date to file the supplemental motion *in limine* would have been July 15, 2008. The Plaintiff would then have had until August 4, 2008, to respond.[6] The Defendant would then have had until August 15, 2008, to file a reply.[7] Thus, even if the Court would have ruled immediately upon the completion of briefing, the parties would have had a ruling on a new motion *in limine* one month after they had already filed the second version of the final pretrial report.[8]

---

[5]   The parties filed the first final pretrial report on December 21, 2007. The second final pretrial report was filed on July 14, 2008.

[6]   Under LCvR 7.1(g), the Plaintiff would ordinarily have had eighteen days to file a response. This deadline would have fallen on a Saturday. Under Fed. R. Civ. P. 6(a)(3), the deadline would have automatically been extended to the following Monday.

[7]   *See* LCvR 7.1(i).

[8]   *See supra* note 5.

Against this backdrop, the Court must consider the utility of the proposed motion *in limine*. The Defendant states only that it wants to file a motion *in limine* "with respect to issues regarding its offer of reinstatement and Plaintiff's rejection of such offer."[9] As the Plaintiff notes, the Defendant has not identified the evidence it wants to exclude, the grounds, or the necessity of a pretrial ruling.

The Defendant elsewhere seeks partial summary judgment based on the offer of reinstatement and the Plaintiff's rejection. A supplemental motion *in limine* is unnecessary for an adjudication of the legal issues surrounding the offer of reinstatement and the Plaintiff's response. Accordingly, the Court can only guess about the possible utility of a supplemental motion *in limine*.

The parties disagree on whether the Defendant had acted as quickly as it could have. According to the Defendant, the Plaintiff rejected the offer of reinstatement on March 27, 2008.[10] Thus, the Defendant could have sought leave to file the supplemental motion *in limine* as early as March 28, 2008. As the Defendant notes, the parties continued to correspond regarding the offer. Even with the ongoing correspondence, however, the Defendant knew enough about the circumstances surrounding the alleged offer of reinstatement to seek leave to:

---

[9] Defendant's Motion for Leave to Supplement its Motion in Limine at p. 2 (July 8, 2008); *see supra* p. 2.

[10] Defendant's Supplemental Motion for Summary Judgment Regarding Alleged Damages Based Upon Plaintiff's Rejection of Defendant's Offer of Reinstatement at pp. 1, 6 (June 16, 2008).

- file a supplemental summary judgment motion by April 21, 2008,[11] and

- supplement the exhibit and witness lists by May 9, 2008.[12]

In light of the Defendant's request to file a second summary judgment motion and add witnesses and exhibits, the Court extended the deadline for the second final pretrial report to July 14, 2008.[13] Only four business days before the parties filed the final pretrial report, the Defendant sought leave for a supplemental motion *in limine* on the same factual predicate surrounding its earlier requests to file a second summary judgment motion and amend the witness and exhibit lists. In these circumstances, a new round of briefing on a supplemental motion *in limine* would entail further delay. The value of further briefing appears negligible, as the Defendant has not identified the evidence to be addressed, the grounds, or the necessity of a pretrial ruling.[14]

Accordingly, the Court overrules the Defendant's request to file a supplemental motion *in limine* on issues relating to the alleged offer of reinstatement and the rejection.

---

[11] *See* Defendant's Motion for Leave to File a Supplement to its Motion for Summary Judgment Regarding Alleged Damages Based Upon Plaintiff's Rejection of Defendant's Offer of Reinstatement (Apr. 21, 2008).

[12] *See* Defendant's Motion for Leave to Supplement its Exhibit and Witness Lists (May 9, 2008).

[13] Order at p. 2 (May 30, 2008).

[14] *See supra* p. 4.

The Defendant's Availability and Timeliness
Objections to the Plaintiff's Deposition Designations

The Plaintiff has designated videotape deposition testimony of Julie Clark, John Mavros, Martha West, Julie Sloan, and David Ruttman.[15] The Defendant generally objects to all of the designations, arguing that the witnesses are available for trial. In addition, the Defendant objects to the supplemental designations of Ms. Sloan's deposition on grounds of timeliness. Both objections are overruled.[16]

I.   Availability of the Witnesses

The parties disagree on the right to designate videotape deposition testimony by the Defendant's employees in light of their availability at trial. The Plaintiff correctly argues that the deposition testimony may be played to the fact-finder notwithstanding the witnesses' availability at trial.

The disagreement stems from the parties' focus on different parts of Fed. R. Civ. P. 32. The Defendant's interpretation of the rule is based on disregard of Rules 32(a)(2) and (3) and misinterpretation of Rule 32(a)(1)(B).

---

[15]   Plaintiff's Deposition Designations (Jan. 18, 2008); Plaintiff's Designation of Sloan's Additional Deposition Testimony (July 3, 2008); Plaintiff's Designation of Ruttman's Deposition Testimony (Feb. 26, 2008).

[16]   As noted above, the Defendant also lodges a number of specific objections to the deposition designations. *See supra* note 1. The Court will separately address the remaining objections.

A. <u>Rule 32(a)(2)</u>

Rule 32(a)(2) broadly allows use of a deposition for cross-examination, impeachment, "or for any other purpose allowed by the Federal Rules of Evidence." As a result, the Court must consult the Federal Rules of Evidence to determine the admissibility of the depositions if the witnesses were available. Under Fed. R. Evid. 801(d)(2)(D), a statement is not considered "hearsay" if it is made by the opposing party's "agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Thus, if Julie Sloan, Julie Clark, Martha West, David Ruttman, and John Mavros were "servants" of the Defendant when deposed and were addressing matters within the scope of their employment, the deposition testimony would not be considered "hearsay." And, under Fed. R. Civ. P. 32(a)(2), the deposition testimony would be admissible regardless of whether the deponents were available.

Julie Sloan, Julie Clark, David Ruttman, Martha West, and John Mavros were "servants" of the Defendant when deposed. Thus, the issue is whether the specific deposition testimony being offered concerned matters within the scope of their employment. Some of the testimony unquestionably does relate to the scope of their employment. If the Defendant believes that particular passages go beyond the witnesses' respective areas of authority, a specific objection to the line and page is necessary for the Court to address the issue. The Court cannot broadly exclude all of the witnesses' deposition testimony on the basis that these employees were testifying on areas beyond their authority.

B.      Rule 32(a)(3)

The depositions of Mr. Mavros, Mr. Ruttman, and Ms. Sloan are also admissible under Rule 32(a)(3).[17] This rule allows an adverse party to use deposition testimony provided by someone who was the opponent's "officer, director, [or] managing agent" when the deposition was taken.[18] The Plaintiff persuasively argues that Julie Sloan, John Mavros, and David Ruttman were "managing agents" of the Defendant when their depositions were conducted. Thus, Rule 32(a)(3) would permit the proposed deposition designations for these individuals even if they are available at trial.[19]

C.      Rule 32(a)(1)(B)

The Defendant's interpretation is based in part on the general rule expressed in Fed. R. Civ. P. 32(a)(1). This rule provides that deposition testimony may be used against a party if "use is allowed by Rule 32(a)(2) through (8)" and "to the extent [the deposition testimony] would be admissible under the Federal Rules of Evidence if the deponent were present and testifying."[20] As noted above, Rule 32(a)(2) would permit the deposition designations of

---

[17]    The Plaintiff refers to the provision as "Rule 32(a)(2)." The rule was renumbered effective December 1, 2007. The context of the discussion reflects the Plaintiff's reliance on the rule which now appears as "32(a)(3)."

[18]    Fed. R. Civ. P. 32(a)(3).

[19]    *See* 8A Charles Alan Wright, Arthur Miller, & Richard Marcus, *Federal Practice and Procedure: Civil* § 2145 at 170 (2d ed. 1994) (stating that the provision currently appearing as Rule 32(a)(3) "should be liberally construed" and would prevent refusal "to allow the deposition to be used merely because the party is available to testify in person").

[20]    Fed. R. Civ. P. 32(a)(1).

Julie Clark, John Mavros, Julie Sloan, Martha West, and David Ruttman.  And, Rule 32(a)(3) would further support admission of deposition testimony by Ms. Sloan, Mr. Mavros, and Mr. Ruttman.

The remaining issue is whether the deposition testimony by the five individuals "would be admissible under the Federal Rules of Evidence if the deponent were present and testifying."[21]  The Court answers in the affirmative.

The substance of Rule 32(a)(1)(B) appeared for the first time in the 1970 amendment to Rule 32.  The advisory committee noted that the purpose of the language was simply to condition admissibility of the deposition on the content of the testimony and to prevent hearsay objections based on the fact that the deposition would constitute an out-of-court statement.[22]  Rule 32(a)(1)(B) does not condition use of a deposition on the witness' unavailability.

---

[21]   Fed. R. Civ. P. 32(a)(1)(B).

[22]   The 1970 amendments provided:

> A change is made in new Rule 32(a), whereby it is made clear that the rules of evidence are to be applied to depositions offered at trial as though the deponent were then present and testifying at trial.  This eliminates the possibility of certain technical hearsay objections which are based, not on the contents of deponent's testimony, but on his absence from court.  The language of present Rule 26(d) does not appear to authorize these technical objections, but it is not entirely clear.

*See* Fed. R. Civ. P. 32 - advisory committee notes: 1970 amendment; *see also* 7 J. Moore, *Moore's Federal Practice* § 32.02[2][a], at 32-11 (3d ed. 2007) (stating that the language, "if the deponent were present and testifying," "eliminates technical hearsay objections that are based on the deponent's mere absence from court, rather than on the contents of his or her testimony" (footnote omitted)).

D. <u>Synthesis of the Various Parts of Rule 32</u>

When read as a whole, Rule 32 allows the Plaintiff to use deposition testimony by Julie Sloan, David Ruttman, John Mavros, Martha West, and Julie Clark regardless of whether they are available at trial. The Tenth Circuit Court of Appeals explained:

> Under Rule 32 a party may introduce "as a part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there . . . . (T)he Rule is a restatement of the long recognized rule of evidence that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him."[23]

E. <u>The Alleged Preference for Live Testimony</u>

The Defendant urges a preference for live testimony over deposition testimony, relying on *Salsman v. Witt*, 466 F.2d 76 (10th Cir. 1972). The decision is inapplicable. There the trial judge had relied on depositions that had not been offered or introduced at trial.[24] And, the Court of Appeals noted that the issue did not concern the use of a deposition "by an adverse party, as provided for in [Rule 32(a)(2)] . . . ."[25]

In the course of discussing the 1972 version of Rule 32(a)(3), the *Salsman* court stated:

> The various restrictions imposed by Rule 32(a)(3) upon the use of depositions at trial make it clear that there has been no change in the long-established

---

[23] *King & King Enterprises v. Champlin Petroleum Co.*, 657 F.2d 1147, 1164 (10th Cir. 1981) (citations omitted).

[24] *Salsman v. Witt*, 466 F.2d at 76, 78.

[25] *Salsman v. Witt*, 466 F.2d at 79.

principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness be unavailable to testify in person.[26]

When the Court of Appeals made this statement, Rule 32(a)(3) authorized use of a deposition if the witness was dead, more than 100 miles from the trial, outside of the United States, unable to attend the trial because of illness or imprisonment, or beyond the subpoena power.[27] If none of the provisions applied, the proponent could use the deposition upon a showing of "exceptional circumstances . . . as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."[28]

With some revision, the 1972 version of Rule 32(a)(3) currently appears as Rule 32(a)(4) under the heading "Unavailable Witness."[29] The *Salsman* court was not discussing the rules that currently exist as Rules 32(a)(2) and (3), which unambiguously justify admission of deposition testimony by Mr. Mavros, Mr. Ruttman, Ms. West, Ms. Sloan, and Ms. Clark, regardless of their availability at trial.[30] In light of the rule changes since 1972, the language in *Salsman v. Witt* would not affect admissibility issues under Rule 32(a)(2) or (3).

---

[26] *Salsman v. Witt*, 466 F.2d at 79 (citation omitted).

[27] 28 U.S.C. Appendix - Federal Rules of Civil Procedure, Rule 32(a)(3)(A)-(D) (1970).

[28] 28 U.S.C. Appendix - Federal Rules of Civil Procedure, Rule 32(a)(3)(A)-(D) (1970).

[29] *See* Fed. R. Civ. P. 32(a)(4)(A)-(E).

[30] *See supra* pp. 6-8.

II.    Timeliness of the Supplemental Designations of Julie Sloan's Deposition Testimony

Deposition designations were due in January 2008.[31] The Defendant sought leave to add testimony by Julie Sloan,[32] and the Court granted the request.[33] But to avoid unfair surprise to the Plaintiff, the Court permitted her to depose Ms. Sloan on the newly designated testimony.[34] The Defendant added to the description of Ms. Sloan's trial testimony,[35] and the Plaintiff deposed her on the new subject-matter on June 17, 2008. As the Defendant points out, the designations of Ms. Sloan's supplemental deposition are out-of-time. But the Plaintiff has requested, in the alternative, that the Court grant additional time for designations of Ms. Sloan's supplemental deposition. This request is granted.

As discussed above, the issue is whether the Plaintiff has shown good cause and excusable neglect for the additional time to designate Ms. Sloan's supplemental deposition.[36] Good cause exists and the delay is excusable. The Plaintiff could not have made the designations in January 2008 when the supplemental depositions were not authorized until five months later.

---

[31]    Order Allowing an Amended Final Pretrial Report and Allowing Plaintiff to File Deposition Designations (Jan. 11, 2008).

[32]    Defendant's Motion for Leave to Supplement its Exhibit and Witness Lists at p. 2 (May 9, 2008).

[33]    Order at pp. 1-3 (May 30, 2008).

[34]    Order at p. 5 (May 30, 2008).

[35]    Defendant's Supplement to its Final Witness List at p. 1 (July 14, 2008).

[36]    *See supra* p. 2.

The Court permitted the Plaintiff to take the supplemental deposition only because of the Defendant's request for additional time to describe Ms. Sloan's trial testimony. To counter the additional trial testimony for the Defendant, the Plaintiff wants more time to use the witness' deposition testimony on the new subject-matter. If the Defendant was entitled to more time, the Plaintiff is as well. In these circumstances, exclusion of the supplemental designation testimony would be unfair.

The Court is allowing the Defendant to designate Ms. Sloan's trial testimony out-of-time. In light of this authorization, the Court should also give the Plaintiff additional time to designate Ms. Sloan's deposition testimony on the subject-matter that the Defendant added after the deadline. Accordingly, the Court overrules the Defendant's timeliness objection to the supplemental deposition designations for Ms. Sloan.

So ordered this 20th day of August, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge